# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## LAFAYETTE-OPELOUSAS DIVISION

BRIAN FREDERICK GROSSIE      CIVIL ACTION NO. 04-0699

VS.      JUDGE HAIK

FLORIDA MARINE TRANSPORTERS, INC.    MAGISTRATE JUDGE METHVIN

## RULING ON MOTION TO COMPEL
## PLAINTIFF TO SUBMIT TO MEDICAL
## EXAMINATION/TESTING PURSUANT TO RULE 35
### *(Rec. Docs. 92 & 93)*

Before the court are the motion to compel plaintiff to submit to medical examination and testing pursuant to Rule 35 of the Federal Rules of Civil Procedure and the motion to expedite consideration of same filed by defendant Florida Marine Transporters, Inc. on August 29, 2006.[1] The motion is opposed by plaintiff Brian Frederick Grossie.[2] Because the IME at issue is scheduled on September 4, 2006 in New Orleans, the motion to expedite consideration of the motion to compel (Rec. Doc. 93) is **GRANTED**. Furthermore, for the following reasons, the motion to compel is **GRANTED.**

### *Factual Background and Aruguments*

This is a toxic tort case in which plaintiff, a tankerman employed by defendant Florida Marine Transporters, Inc. ("FMT"), alleges that he was exposed to toxic chemicals while working aboard the M/V Rena Marie, a tugboat, as well as four barges owned by FMT. According to the briefs, plaintiff has already been examined by two expert neuropsychologists:

---

[1] Rec. Docs. 92 & 93.

[2] Rec. Doc. _____.

(1) Dr. Susan Andrews, chosen by the plaintiff, and (2) Dr. William Black, chosen by the

defendant.  In its motion, defendant states that it has also retained the services of Dr. Herbert

Schaumburg, a toxicologist, who will be conducting a neurological examination of plaintiff on

September 4, 2006 in New Orleans, Louisiana.  The plaintiff does not object to this examination.

However, in connection with the examination by Dr. Schaumburg, defendant seeks to compel

plaintiff to undergo a second neuropsychological examination, this time by Dr. David Masur, a

director of neuropsychology and clinical professor of neurology at Montefiore Medical Center in

New York, who has worked closely with Dr. Schaumburg conducting diagnostic testing in

conjunction with Dr. Schaumburg's neurological examinations.  Defendant contends that

Dr. Masur's testing is different from tests undertaken by Dr. Black, and that Dr. Masur's specific

expertise and experience in performing evaluations and tests in conjunction with Dr.

Schaumburg's examinations warrants this evaluation by Dr. Masur.  In support of its argument

that the testing by Dr. Masur will be different from the testing by Dr. Black, defendant has

presented a summary list of the different tests that were administered by Dr. Black and the tests

that Dr. Masur intends to conduct at the September 4 examination.[3]  The list shows that the tests

administered by the two doctors are different, and to the extent that Dr. Masur's tests are to be

conducted within the specific framework of the examination to be conducted by Dr. Schaumburg,

the undersigned concludes that the additional tests are necessary.

Plaintiff does not object to a second examination by a neuropsychologist *per se*, but rather

argues that Dr. Black has already conducted a comprehensive neuropsychological examination of

---

[3] See Exhibit 7 to Motion to Compel IME.

plaintiff, and that if any second neuropsychological evaluation is going to be conducted, it should be done by Dr. Black. Plaintiff also contends that, to the extent that Dr. Masur intends to conduct a psychiatric evaluation of plaintiff, he is unqualified to do so, as he is not a psychiatrist.

### *Law and Discussion*

Independent medical examinations are authorized under Rule 35.[4] They may be ordered by the court where the movant demonstrates that: (1) a party's medical condition is in controversy; (2) there is good cause for the examination; and (3) the time, place, manner, conditions and scope of the examination have been specified. Fed. R. Civ. P. 35. See also Jackson v. Entergy Operations, Inc., 1998 WL 28272, *1 (E.D. La. 1/26/98). Although Rule 35 examinations may be ordered "only on motion for good cause shown," and use of the rule to compel such examinations is not unfettered, Rule 35(a) generally has been construed liberally in favor of granting discovery. Jackson, 1998 WL 28272, *1 (E.D. La. 1/26/98), citing Lahr v. Fulbright & Jaworski, L.L.P., 164 F.R.D. 204, 207 n.1 (N.D.Tex. 1996); Eckman v. University of R.I., 160 F.R.D. 431, 433 (D.R.I. 1995).

A plaintiff in a negligence action who asserts mental or physical injury . . . places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury. Schlagenhauf v. Holder, 379 U.S. 104, *119, 85 S.Ct. 234, 243, 13 L.Ed.2d 152 (1964). Plaintiff's neurological

---

[4] Rule 35 of the Federal Rules of Civil Procedure provides that "[w]hen the mental or physical condition . . . of a party or of a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner or to produce for examination the person in the party's custody or legal control. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made."

condition is clearly in controversy, as he alleges in his complaint that, as a result of toxic exposure, he suffered "a sudden onset of psychotic symptoms including, but not limited to, delusions, confusion, disorganized speech and disorganized behavior with some hallucination, as a result of which he was as of that day and remains through today's date totally disabled."

After consideration of the arguments presented, the undersigned concludes that no harm or prejudice will result for the plaintiff if he is required to be examined by Dr. Masur in New Orleans on September 4, 2006. Defendant establishes good cause for the second examination by showing that Dr. Masur's tests will be administered in conjunction with the evaluation to be performed by Dr. Schaumburg, and further shows that the tests to be administered by Dr. Masur are different than those already administered by Dr. Black. Given that the plaintiff does not object to a second neuropsychological examination *per se*, but only to defendant's choice of doctor, the undersigned concludes that good cause has been shown for an examination by Dr. Masur. Nevertheless, the undersigned agrees that, as Dr. Masur is not a psychiatrist, he is not qualified to conduct psychiatric tests on the plaintiff. Therefore, Dr. Masur's examination will be limited to a neuropsychological examination.

Considering the foregoing,

**IT IS HEREBY ORDERED** that defendant's motion to compel plaintiff to submit to medical examination/testing pursuant to Rule 35 of the Federal Rules of Civil Procedure (Rec. Doc. 92) is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff shall undergo a neuropsychological examination only by Dr. David Masur in New Orleans, Louisiana on September 4, 2006 at 9:00 a.m.

**IT IS FURTHER ORDERED** that Dr. Masur and Dr. Schaumburg shall send their report to plaintiff's counsel within 10 days following the examination.

**IT IS FURTHER ORDERED** that the Clerk shall FAX a copy of this order to all counsel of record.

Signed at Lafayette, Louisiana, on August 31, 2006.


Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)