# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## LAFAYETTE-OPELOUSAS DIVISION

BRIAN FREDERICK GROSSIE        CIVIL ACTION NO. 04-0699

VS.        JUDGE HAIK

FLORIDA MARINE TRANSPORTERS, INC.        MAGISTRATE JUDGE METHVIN

### *RULING ON MOTION TO COMPEL IME*
### *(Rec. Doc. 105)*

Before the court is a motion to compel plaintiff to submit to an independent medical examination filed by defendant Florida Marine Transporters, Inc. on September 21, 2006.[1] Defendant also seeks expedited consideration. Plaintiff opposes the motion to compel.[2] For the reasons set forth below, the motion to compel IME is **GRANTED**.

### *Findings and Conclusions*

This is a toxic tort case in which plaintiff, a tankerman employed by defendant Florida Marine Transporters, Inc. ("FMT"), alleges that he was exposed to toxic chemicals while working aboard the M/V Rena Marie, a tugboat, as well as four barges owned by FMT.

On September 5, 2006, plaintiff underwent IME's by Herbert Schaumburg, M.D., and David Masur, Ph.D. Dr. Schaumburg is an expert in neurotoxicology – the effects of toxic chemicals on the nervous system. Dr. Masur is a director of neuropsychology and clinical professor of neurology at Montefiore Medical Center in New York, who has worked closely with Dr. Schaumburg conducting diagnostic testing in conjunction with Dr. Schaumburg's neurological examinations.

---

[1] Rec. Doc. 105.

[2] See motion to expedite, Rec. Doc. 6. Grossie's opposition brief has not yet been docketed.

In a report dated September 12, Drs. Schaumburg and Masur state that although Grossie is being treated with Trazodone, an antidepressant with sedative effects, he "is still daily experiencing auditory and visual hallucinations and has somatic delusions." Grossie is also taking Seroquel, an atypical anti-psychotic medication, and Prozac, an antidepressant. The doctors noted that these medications were prescribed by Dr. Nancy Rogers, a neurosurgeon, in consultation with Dr. LeCorgne, a clinical psychologist. Drs. Schaumburg and Masur state that a neurosurgeon and a clinical psychologist constitute an "atypical therapeutic team for treatment of the schizophreniform psychosis exhibited by Brian Grossie." They conclude that Grossie's treatment regime should be examined and modified, and they seek the expert opinion of Dr. Herbert Y. Meltzer, a psycho-pharmacologist and psychiatrist. Defendant therefore seeks to have plaintiff examined and evaluated by Dr. Meltzer on September 28, 2006 at 9:00 a.m. in Lafayette.

Plaintiff objects to the examination on grounds that an examination by Dr. Meltzer will be duplicative. Plaintiff contends that Grossie has already been examined by Dr. Larry Wade, a psychiatrist chosen by defendant, and that Dr. Wade has already generally addressed Grossie's diagnosis of schizophrenia as well as a proposed treatment plan for Grossie.

After considering the briefs of the parties, the undersigned concludes that an examination by Dr. Meltzer is not duplicative. In this case, pyschopharmacology and psychiatry offer different approaches to Grossie's problems. There is no dispute that Grossie exhibits severe mental problems, including hallucinations and delusions. Plaintiff contends these symptoms were caused by exposure to toxic chemicals on defendant's vessels. While the psychiatric examination focuses on diagnosis and treatment of psychiatric symptoms, a psychopharmacology

examination focuses not only on the symptoms, but on the drugs currently being ingested to control the symptoms to determine if there is a possible link.[3]

Rule 35 does not limit the number of examinations that a party may be required to undergo. Drs. Schaumburg and Masur, after examination of Grossie, have adequately supported their opinion that Grossie's treatment regime should be evaluated and modified. Furthermore, the fact that plaintiff has not retained his own psychopharmacologist is not relevant under Rule 35.

Considering the foregoing,

**IT IS HEREBY ORDERED** that defendant's motion to compel an examination by psychopharmacologist/psychiatrist Dr. Herbert Y. Meltzer is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall undergo the aforementioned psychopharmacology evaluation by Dr. Herbert W. Meltzer in Lafayette, Louisiana on September 28, 2006 at 9:00 a.m.

**IT IS FURTHER ORDERED** that Dr. Meltzer shall send his report to plaintiff's counsel within 10 days following the examination.

---

[3] Psychopharmacology relates to "the study, prescription and appropriate use of drugs for psychiatric illness and for neuropsychiatric conditions. It is sometimes used synonymously with neuropharmacology although technically not so. The neuropharmacologist concentrates on neurologic agents for the brain, the psychopharmacologist on psychiatric agents." Addiction-Rehabilitation.com, Available online: http://www.addiction-rehabilitation.com/glossary.html#P (September 26, 2006).

**IT IS FURTHER ORDERED** that the Clerk shall FAX a copy of this order to all counsel of record.

Signed at Lafayette, Louisiana, on September 26, 2006.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)